IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID FARAH,                                     CV 04-790-BR

        Plaintiff,                         OPINION AND ORDER

v.

AMERICAN GENERAL LIFE INSURANCE
COMPANY, a Texas corporation,

        Defendant.


**JOHN M. BERMAN**
7175 S.W. Beveland Street
Suite 210
Tigard, OR  97223
(503) 670-1122

        Attorney for Plaintiff

**ROBERT B. MILLER**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204-2089
(503) 228-6351


1 - OPINION AND ORDER

**ADRIENNE C. PUBLICOVER**
**WILLIAM LEE**
Wilson, Elser, Moskowitz, Edelman & Dickler LLP
650 California Street, 14th Floor
San Francisco, CA  94108-2718
(415) 433-0990

	Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on the issue of the applicable interest rate to be paid on proceeds of a life insurance policy.  For the following reasons, the Court holds 9% is the applicable interest rate to be applied in this case.

## BACKGROUND

Joyce Zupunski died September 15, 2003.  Zupunski owned a life insurance policy through Defendant with a face amount of $100,000 to be paid to Plaintiff, her husband.  Defendant paid the face amount of the policy more than thirty days after Plaintiff provided Defendant with proof of Zupunski's death. Defendant paid interest on the amount at a rate of 3%.  Plaintiff contends Defendant is obligated to pay interest at the rate of 9% pursuant to Or. Rev. Stat. § 82.010(1)(c).  Defendant contends it was required to pay only 3% pursuant to Or. Rev. Stat. § 743.192(2).

## DISCUSSION

The insurance policy at issue provides "Proceeds will be payable on the date of the insured's death . . . Interest as required by law will be added to the proceeds payable under this policy." Pltf. Ex. 1 at 5. In order to determine the amount of interest required by law, Defendant contends the Court should look to Or. Rev. Stat. § 743.192(2) which states:

> If the insurer fails to pay the proceeds of or make payment under the policy within 30 days after receipt of due proof of death and of the interest of the claimant, and if the beneficiary elects to receive a lump sum settlement, the insurer shall pay interest on any money due and unpaid after expiration of the 30-day period. The insurer shall compute the interest from the date of the insured's death until the date of payment, at a rate not lower than that paid by the insurer on other withdrawable policy owner funds.

Because Defendant pays 3% interest on other withdrawable policy owner funds, Defendant contends it should have to pay Plaintiff only 3% interest on the proceeds of Zupunski's insurance policy.

The Court concludes, however, that Or. Rev. Stat. § 743.192(2) merely establishes an interest rate "floor," the least an insurer can contract to pay an insured. By its plain terms, Or. Rev. Stat. § 743.192(2) does not set a maximum rate that an insurer can contract to pay, nor does it require a specific percentage above the rate paid by the insurer on other withdrawable policy owner funds that an insurer must pay. On the

3 - OPINION AND ORDER

other hand, Or. Rev. Stat. § 743.868[1] demonstrates the Oregon Legislature knows how to set a specific rate for insurance payments when that is its intent. The fact that the Legislature chose to use the phrase "not lower than" rather a phrase such as "equal to" in Or. Rev. Stat. § 743.192(2) makes clear that the Legislature did not intend that statute to require payment of a rate equal to other withdrawable policy owner funds. The Court, therefore, declines to interpret the language of Or. Rev. Stat. § 743.192(2) stating "not lower than" to mean "equal to."

Indeed, Or. Rev. Stat. § 82.010(1)(c) provides the rate of interest to be paid when a contract does not specify a rate. It states:

> (1) The rate of interest for the following transactions, if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on: . . . (c) Money due or to become due where there is a contract to pay interest and no rate specified.

The insurance contract in this case did not specify a rate and it is undisputed that the funds were due. Accordingly, the Court concludes Or. Rev. Stat. § 82.010(1)(c) provides the applicable rate of interest and, therefore, 9% is the rate

---

[1] Or. Rev. Stat. § 743.868(1) states in pertinent part:

> An insurer that fails to pay a claim to a provider within the timelines established in ORS 743.866 shall pay simple interest of 12 percent per annum on the unpaid amount of the claim that is due and owing, accruing from the date after the payment was due until the claim is paid.

required by law in this case.

## **CONCLUSION**

For these reasons, the Court concludes Plaintiff is entitled to recover interest of 9% per annum from the date of Joyce Zupunski's death to the date Defendant paid Plaintiff's claim.

## **DEADLINE FOR ATTORNEYS FEES**

The parties shall submit any stipulation regarding attorneys fees for filing of these pleadings or, in the alternative, Plaintiff shall file his petition for attorneys fees by May 31, 2005.

IT IS SO ORDERED.

DATED this 4th day of May, 2005.

      /s/ Anna J. Brown
    ANNA J. BROWN
    United States District Judge

Farah CV 04-790 O&O.05-04-05.wpd